UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EARLEAN W. BOZMAN,

                Plaintiff,

    -v-

FRONTIER, DONNIE BORDEN CELINDA 7036,
HARIETT MICHELL BROWN,
ALICIA 7089, APIAH 9068 MICHELL BEACOAT,
TONYA 7044, ANN 7011, and
KAREN Executive Office,

                Defendants.
_____

-PSO-

DECISION AND ORDER
05-CV-6076L(P)

Plaintiff Earlean W. Bozman, has filed this *pro se* action (Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 2). Plaintiff claims that the defendants, the Frontier Corporation and employees, have violated her civil rights by denying her service, harassing her and improperly billing her. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. See King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted pro se." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).

Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they fail to state a claim upon which relief may be granted. Plaintiff has submitted her claims on a form designed to present claims pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993).

All of plaintiff's defendants are private individuals and not governmental actors; as such, none of the defendants is a "person" acting under color of state law for purposes of 42 U.S.C. § 1983 and therefore none of the defendants may be subjected to constitutional restraints which are addressed by that statute. See Lugar v. Edmondson Oil Company, Inc., 457 U.S. 922 (1981) (Fourteenth Amendment offers no shield against private conduct, however discriminatory or wrongful); see also Zemsky v. City of New York, 821 F.2d 148,

2

151 (2d Cir. 1987). For that reason, none of the named defendants are subject to the mandates of the civil rights statute and the claims against them must be dismissed.

Moreover, plaintiff does not raise federal claims under any rubric. She is seeking to have defendants prosecuted for what she alleges is on-going harassment since 2002. It appears that plaintiff may have an on-going dispute over her telephone services, and that she feels that she is unfairly treated. The Court notes that her earlier action, Civil Docket Number 97-CV-6439L, against the Rochester Telephone Corporation, was dismissed prior to service in 1999. To the extent that she may have contractual or debt collection claims, such claims would be pursued in state court, or addressed through the New York State Attorney General's Office. Nevertheless, the allegations do not rise to the level of a federal case, and, in any event, the law is well settled that no private citizen has a constitutional right to bring a criminal complaint against another individual. *Leeke v. Timmerman*, 454 U.S. 83 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973); *Ostrowski v. Mehltretter*, 20 Fed.Appx. 87 (2d Cir. 2001).

Finally, although this Court liberally construes the pleadings filed by *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519 (1972), it will not allow duplicative or repetitious litigation of identical causes of action. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint that repeats pending or previously litigated claims "may be considered abusive and dismissed under the authority of section 1915(e)"); *Blake v. Bentsen*, 1995 WL 428694, at *2 (E.D.N.Y. 1995) (directing dismissal of repetitious litigation as abusive and malicious). Plaintiff raised similar allegations in her action against the Rochester Telephone Company, regarding harassment and related injury over a

telephone bill dispute. Thus, while the usual practice is to allow leave to replead a deficient complaint, see Fed.R.Civ.P. 15(a); see also Ronzani v. Sanofi, S.A., 899 F.2d 195, 198 (2d Cir. 1990), such leave is denied in this action because amendment would be futile, see Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend."). Accordingly, the complaint is dismissed with prejudice.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) with respect to the filing fee. Accordingly, plaintiff's request to proceed in forma pauperis is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed in forma pauperis is granted;

FURTHER, that the complaint is dismissed with prejudice; and

4

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated: *MAY 20, 2005*, 2005
Rochester, New York

*Charles Siragusa*
CHARLES J. SIRAGUSA
United States District Judge